## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

LEE SOBBA, Individually and Derivatively                    PLAINTIFF
in the Name of and on Behalf of Sobel, Inc.,
Belso, Inc., and Elsob, Inc.

v.                                    No. 4:06CV00941 JLH

SPENCER ELMEN; SODAKCO, LLC;
and SUITE 107, LLC                                          DEFENDANTS

and

SOBEL, INC., BELSO, INC., and
ELSOB, INC.                                        NOMINAL DEFENDANTS

### OPINION AND ORDER

Lee Sobba brought this shareholder derivative action on behalf of Sobel, Inc., Belso, Inc., and

Elsob, Inc., against Spencer Elmen, Sodakco LLC, and Suite 107 LLC, alleging breach of fiduciary

duty, trademark infringement in violation of section 43 of the Lanham Act, 15 U.S.C. § 1125, and

unfair competition under the Arkansas Deceptive Trade Practices Act[1] and the common law.  Sobba

named the corporations Sobel, Belso, and Elsob as nominal defendants.  Both the defendants and the

nominal defendants have filed answers to the complaint.  Sobba now moves to strike the answer of

the nominal defendants pursuant to Federal Rule of Civil Procedure 12(f).  For the following reasons,

that motion is granted.

### I.

Sobel, Belso, and Elsob are Arkansas corporations that operate three stores named Cupids,

two of which are in Little Rock and the third in Hot Springs.  According to the complaint, the stores

---

[1] ARK. CODE ANN. § 4-88-101 et seq.

sell "lingerie and adult-themed products." Each of the three corporations has three directors.[2] Sobba and Elmen are both officers and directors of the corporations as well as the primary shareholders, while A.W. Bailey, an accountant, is the third director. Sobba owns 46% of Sobel,[3] 50% of Belso, and 50% of Elsob. Elmen owns 50% of Sobel, 50% of Belso, and 50% of Elsob. The corporations use "purple neon" in their advertising and extensively at their stores. They have engaged in promotion and advertising to the residents in central Arkansas.

Sobba makes the following allegations in his complaint: Sobba and Elmen discussed that Elmen might open stores on his own separate from the corporations, but those discussions did not include authorization for Elmen to use the name *Cupids* and the "purple neon" trade dress; despite these discussions, Elmen, through Sodakco LLC and Suite 107 LLC, opened stores in Conway and Jacksonville that displayed the name *Cupids* and the "purple neon" trade dress; while opening the Jacksonville and Conway stores, Elmen diverted assets of the corporations to himself and to Sodakco and Suite 107; and Elmen also intermingled assets of the corporations with the assets of Sodakco and Suite 107. Sobba alleges that by these actions Elmen breached the fiduciary duties he owed to the corporations as an officer and director in that he usurped corporate opportunities and misused corporate assets. Sobba's complaint asks for injunctive relief and also for compensatory, treble, and punitive damages to be awarded to the corporations who are named as nominal defendants.

The defendants Elmen, Sodakco, and Suite 107 filed an answer denying that Elmen had breached any fiduciary duties to the corporations and affirmatively alleging that Sobba and Elmen

---

[2] Sobba disputes that Elsob has any validly-elected directors. For purposes of this motion, however, the Court will assume that Elsob does in fact have three validly-elected directors.

[3] The nominal defendants' answer states that Sobba's wife owns 4% of Sobel.

2

reached an agreement that they would both open new stores using the name *Cupids* separate from the corporations.  The defendants raised the affirmative defenses of consent, equitable estoppel, waiver, unclean hands, laches, and the business judgment rule.  Similarly, the nominal defendants filed an answer denying that Elmen had breached any fiduciary duties to them and affirmatively alleging that Sobba and Elmen agreed that each would have the separate right and opportunity to open additional Cupids stores in various assigned cities in Arkansas.  They also raised the affirmative defenses of waiver, estoppel, unclean hands, consent, laches, and the business judgment rule in their answer.  The answer of the nominal defendants was filed by the Rose Law Firm, which was retained to defend this suit on behalf of the nominal defendants by a 2-1 vote of each corporation's board of directors. Both Elmen and Bailey voted in favor of the Rose Law Firm defending the suit on behalf of the corporations, while Sobba voted against it.

## II.

Federal Rule of Civil Procedure 12(f) states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

District courts have  "liberal discretion" under Rule 12(f).  *Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op, Inc.*, 278 F.3d 742, 748 (8th Cir. 2001).  However, because striking a pleading or a portion of a pleading is a drastic remedy, motions to strike under Rule 12(f) "are viewed with disfavor and infrequently granted."  *Stanbury Law Firm, P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  Accordingly, a plaintiff must show that the allegations being challenged in the defendant's answer are "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and

that their presence in the pleading throughout the proceeding will be prejudicial to the moving party."  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2004).

### III.

In his motion to strike, Sobba argues that the nominal defendants are the real parties in interest to his derivative suit and must remain neutral for the duration of this action.  Sobba is correct.  While the shareholder who brings the action is the nominal plaintiff, the corporation on whose behalf the action is brought is the real party in interest, even though the corporation is named as a defendant and served with process as a defendant.  *Morgan v. Robertson*, 271 Ark. 461, 465, 609 S.W.2d 662, 664 (Ct. App. 1980).  "In legal effect, a stockholders' suit is one by the corporation conducted by the stockholders as its representative.  The stockholder is only a nominal plaintiff, the corporation being the real party in interest."  *Id*. at 463, 609 S.W.2d at 663.  "[I]n reality the corporation is the plaintiff, the stockholder being only a nominal plaintiff."  *Id*. at 464, 609 S.W.2d at 664.

In a derivative suit, any recovery the suing shareholder obtains goes to the corporation.  *Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1307 n.4 (3d Cir. 1993); 19 AM. JUR. 2D *Corporations* § 1949 (2006).  "Although the corporation is named in the complaint as a defendant, its interests are not necessarily adverse to those of the plaintiff since it will be the beneficiary of any recovery."  13 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 5997 (perm. ed., rev. vol. 2004).  "A derivative suit is for the benefit of the corporation and all stockholders, and the real controversy is between the corporation and the person whose acts are complained of, the corporation being the beneficial plaintiff."  18 C.J.S. *Corporations* § 413 (2006).

4

Because the corporation is the real party in interest and any recovery by the derivative plaintiff goes to the corporation, the general rule for corporate participation in a derivative action is that "[u]nless the derivative action threatens rather than advances corporate interests, [the corporation] cannot participate in the defense on the merits." FLETCHER, *supra*, § 5997. While Arkansas has not expressly held that a corporation ordinarily cannot defend a derivative suit on the merits, the overwhelming weight of authority supports this rule of corporate neutrality,[4] and the

---

[4] *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Hoffa*, 242 F. Supp. 246, 253 (D.D.C. 1965); *Alleghany Corp. v. Kirby*, 218 F. Supp. 164, 186 (S.D.N.Y. 1963) ("New York allows a corporation to expend funds in defense of a derivative action presumptively brought in its behalf when some interest of the corporation is threatened."); *Fuller v. Am. Mach. & Foundry Co.*, 91 F. Supp. 710, 711 (S.D.N.Y. 1950) ("The corporation can actively defend where the interests of the corporation are threatened with injury by the relief sought in the complaint."); *Leven v. Birrell*, 92 F. Supp. 436, 444 (S.D.N.Y. 1949); *Otis & Co. v. Penn. R.R. Co.*, 57 F. Supp. 680, 682 (E.D. Penn. 1944) (holding that corporation can file an answer when the plaintiff's "cause of action is such as to endanger rather than advance corporate interests," but not where the cause of action is fraud against the corporate directors); *Esposito v. Riverside Sand & Gravel Co.*, 287 Mass. 185, 191 N.E. 363 (1934); *Meyers v. Smith*, 190 Minn. 157, 159, 251 N.W. 20, 21 (1933) (striking the corporation's answer where defendants who controlled the corporation sought "to impose on the corporation the burden of fighting their battle"); *Slutzker v. Rieber*, 132 N.J. Eq. 412, 415-16, 28 A.2d 528, 530 (Ch. 1942) (granting motion to strike the corporation's answer that controverted the merits of the complaint's claims); *Solimine v. Hollander*, 129 N.J. Eq. 264, 266-68, 19 A.2d 344, 345-46 (Ch. 1941); *Chaplin v. Selznick*, 58 N.Y.S.2d 453, 455 (Sp. Term 1945) ("The corporation itself can take no position in a derivative stockholder's suit which is fundamentally antagonistic to the claim asserted on its behalf. That is the whole theory which is behind a derivative stockholders' action."); *Kirby v. Schenck*, 25 N.Y.S.2d 431, 432-33 (Sp. Term 1941) (allowing corporation to defend action where plaintiff sought to enjoin corporation from carrying out personal service contracts because "interests of the corporation [were] injuriously threatened" by plaintiff's suit); *Godley v. Crandall & Godley Co.*, 181 A.D. 75, 78 (N.Y. App. Div. 1917); *Swenson v. Thibaut*, 39 N.C. App. 77, 101, 250 S.E.2d 279, 294 (1978); *Nat'l Bankers Life Ins. Co. v. Adler*, 324 S.W.2d 35, 37 (Tex. Civ. App. 1959) ("If the derivative action threatens rather than advances the corporate interests, the corporation may actually defend the action."); *see also Corey v. Indep. Ice Co.*, 226 Mass. 391, 115 N.E. 488 (1917) (holding that corporation was allowed to defend suit challenging corporate reorganization); *Apfel v. Auditore*, 223 A.D. 457, 458 (N.Y. App. Div. 1928) ("We regard it as inequitable that the corporations should be called upon to pay for the defense of this action brought for their benefit and resulting in a judgment in favor of the plaintiff as a representative of the corporate interests."); *cf. Lewis v. Shaffer Stores Co.*, 218 F. Supp. 238 (S.D.N.Y. 1963)

Arkansas cases are consistent with the general rule to the extent that they have addressed the issue. *See Morgan*, 271 Ark. at 463-65, 609 S.W.2d at 663-64; *see also* Mary Elizabeth Matthews, *The Shareholder Derivative Suit in Arkansas*, 52 ARK. L. REV. 353 (1999).

The nominal defendants, however, argue that Arkansas law is not compatible with the rule of corporate neutrality. They cite *Benton Window and Door, Little Rock Division, Inc. v. Garrett*, 290 Ark. 244, 246, 718 S.W.2d 438, 439 (1986), where the court said that a corporation in a shareholder derivative suit may sometimes be more than just a "defendant in name only." The issue in *Garrett* was not whether a corporation may defend a derivative suit on the merits; the issue was whether the nominal defendants could be disregarded for venue purposes. In that context, *Garrett* held that a corporation named as a nominal defendant could not be disregarded for venue purposes because the corporation is a party more than in name only. *Garrett* was decided under the 1965 Business Corporation Act, which allowed the corporation in a derivative action to move for a hearing on whether the court should require the shareholder plaintiff to furnish security if there was "no reasonable possibility" that the case would benefit the corporation or its security holders. *Id.* at 246, 718 S.W.2d at 439 (citing ARK. STAT. ANN. § 64-223, now codified at ARK. CODE ANN. § 4-26-714). *Garrett* noted that, under the 1965 statute, the corporation and the shareholder plaintiff "may be adversaries up to [the resolution of the security hearing] at least." *Id.* at 248, 718 S.W.2d at 440.

---

(striking corporation's answer where it was represented by same counsel representing the defendant directors and officers of the corporation); *Weiland v. N.W. Distilleries, Inc.*, 203 Minn. 600, 281 N.W. 364 (1938) (finding that corporation could defend suit where plaintiff's suit sought the corporation to cancel and void 375 shares of stock); *McHarg v. Commonwealth Fin. Corp.*, 44 S.D. 144, 182 N.W. 705 (1921) (finding that corporation could challenge venue where plaintiff sought the appointment of a recievership).

The Business Corporation Act of 1987—to which the nominal defendants here are subject[5]—makes no provision for the corporation to file a motion to require the plaintiff to furnish security. *See* ARK. CODE ANN. § 4-27-740. Thus, even if *Garrett* were incompatible with the rule that a corporation can only defend suits that threaten its interests, which it is not, the rationale of the case would be eviscerated because the statute upon which it relied was replaced by the Business Corporation Act of 1987.

In view of the overwhelming weight of authority and the convincing rationale that support it, this Court believes that the Supreme Court of Arkansas would follow the rule of corporate neutrality for shareholder derivative actions.

The court in *Swenson* concisely articulated the contours of the rule of corporate neutrality:

> The rule that I gather from the cases is to the effect that where directors are charged with misconduct in office and are sought to be held accountable, the corporation is required to take and maintain a wholly neutral position, taking sides neither with the complainant nor with the defending director. The anomaly of a corporation, in whose name and right a derivative action is brought, being allowed to defend itself against itself is apparent. . . .
>
> This is not to say that in all cases and in all circumstances a corporation is powerless to resist a derivative action. In some situations, the corporation in whose interest the derivative action is purportedly brought will have interests adverse to those of the nominal plaintiffs bringing the action derivatively, and will of necessity be more than a nominal defendant. Such situations would include an action to enjoin the performance of a contract by the corporation, to appoint a receiver, to interfere with a corporate reorganization or to interfere with internal management where there is no allegation of fraud or bad faith. Additionally, certain defenses which are properly assserted before trial on the merits of the action are peculiar to the corporation alone, and may be properly raised *only* by the nominal defendant who, for purposes of those matters, ceases to be a nominal defendant and becomes an actual party defendant. These defenses would include the lack of standing of the plaintiffs to sue derivatively for reasons of insufficient representation of shareholders and a failure on plaintiffs'

---

[5] The Business Corporation Act of 1987 applies to all corporations incorporated on or after midnight, December 31, 1987. *See* ARK. CODE ANN. § 4-27-1706.

part to make a demand upon the board of directors.  Other defenses, such as matters of personal jurisdiction, venue, and subject matter jurisdiction (which question may arise in the context of alleged existence of prior pending actions involving matters identical to those complained of in the derivative suit) could be asserted by both corporations and individual defendants where appropriate, as they are not defenses on the merits of the derivative claim.

39 N.C. App. at 99-100, 250 S.E.2d at 293-94 (citations omitted).  Here, the thrust of Sobba's suit is that Elmen took the trade name and trade dress of the nominal defendants without authorization and used them for his new stores to which he also diverted other assets of the nominal defendants. Sobba alleges that Elmen breached the duty of loyalty by usurping corporate opportunities.  Sobba's prayer for relief asks for compensatory, treble, and punitive damages to be awarded to the nominal defendants.  These are classic examples of claims that, if proven, would advance rather than threaten corporate interests.  *Cf. Fuller*, 91 F. Supp. at 712; *Otis*, 57 F. Supp. at 682 ("When fraud is the complaint against the directors, the essence of the corporation's interest is, and ought to be, having the truth of the charges determined and in recovering all funds of which it was deprived."); *Meyers*, 190 Minn. at 158, 251 N.W. at 21; *Slutzker*, 132 N.J. Eq. at 412-13, A.2d at 529.  Notably, Sobba's complaint does not seek to enjoin the performance of a contract by any of the nominal defendants,[6] to appoint a receiver, to interfere with a corporate reorganization, or to interfere with internal management absent allegations of fraud or bad faith.  Because the claims asserted and the relief sought in Sobba's complaint would, if proven, advance rather than threaten the interests of the nominal defendants, the nominal defendants must remain neutral in this action.

---

[6] The nominal defendants in their response to Sobba's motion to strike now claim that there was an advertising agreement between them, Sodakco, and Suite 107 that Sobba's suit, according to the nominal defendants, seeks to void.  While a derivative suit requesting the court to nullify a corporate contract may implicate the interests of the corporation such that it may be proper for the corporation to respond, no claim to nullify any advertising contract was included in Sobba's complaint, nor did the nominal defendants raise this issue in their answer.

The nominal defendants argue, however, that Sobba's motion to strike should not be granted at this early a stage in the litigation because that would require the Court to rule on factual disputes that are "best resolved once the parties have conducted discovery." *Avent v. Solfaro*, 210 F.R.D. 91, 94 (2002). Their argument is unpersuasive. The nominal defendants in effect want Sobba to prove his claims before this Court rules on his motion to strike, which would mean that they would be permitted to defend on the merits through much, if not all, of the litigation. The ultimate resolution of the factual allegations in Sobba's complaint has no bearing on whether the nominal defendants should remain neutral or not. As other courts have made clear, "[t]he test . . . is the complaint itself." *Fuller*, 91 F. Supp. at 711.[7] If Sobba can prove his allegations, then any recovery Sobba receives from the defendants' transgressions will go to the nominal defendants. If Sobba cannot prove his allegations, he will lose the suit, but the nominal defendants will lose nothing. Whether Sobba can prove what he alleges is irrelevant to the issue of whether the nominal defendants are entitled to defend on the merits, so long as Sobba does not seek relief that is adverse to the nominal defendants' interests. From reading the complaint, it appears that he does not seek relief adverse to the nominal defendants' interests.

This suit is essentially a dispute between the two primary shareholders of three privately-held

---

[7] The nominal defendants cite *Adler* for the proposition that "[w]hether the corporate defendant is in truth the actual plaintiff or whether it has also a defensive interest, may require not only pleading but also proof." 324 S.W.2d at 38. The court in *Adler*, however, was speaking in the context of any procedural defenses the corporation might have, such as lack of standing of the plaintiffs to sue derivatively for reasons of insufficient representation of shareholders, a failure on plaintiffs' part to make a demand upon the board of directors, or other defenses such as matters of personal jurisdiction, venue, and subject matter jurisdiction. *Adler* was not speaking in the context of defenses on the merits. *See id*. at 37-38. Because the nominal defendants have only included the latter defenses in their current answer, and not any of the former, *Adler* is inapplicable.

corporations.  Allowing the nominal defendants to defend on the merits in effect would allow Elmen to shift the cost of his defense of the derivative suit to the corporations against which he has allegedly committed tortious conduct.  *Cf. Meyers*, 190 Minn. at 159, 251 N.W. at 21 (the individual defendants who control the corporation may not use the corporation to "fight their battle").  If Elmen succeeds, he may recover attorneys' fees from Sobba under section 4-27-740(d) of the Arkansas Code by showing that Sobba commenced the action "without reasonable cause."  However, Elmen's using his control of the nominal defendants to get them to defend on the merits would shift the cost of his defense to the corporations even if Sobba's claims are proven.

A corporation may raise the defense that the stockholder failed to comply with the condition precedent of first calling on it to file suit,[8] that it has already filed suit, that the corporation has already achieved a recovery, that the corporation has by final adjudication failed to recover, or other similar defenses.  *Adler*, 324 S.W.2d at 37-38; *Swenson*, 39 N.C. App. at 99-100, 250 S.E.2d at 293-94.  However, unless the plaintiff seeks relief adverse to the corporation, the corporation must otherwise remain neutral.  The nominal defendants' answer—which presents defenses on the merits no different from those contained in the answer of the defendants Elmen, Sodakco, and Suite 107—is therefore struck as redundant, impertinent, and immaterial.  *Cf. Meyers*, 140 Minn. at 159, 251 N.W. at 21; *Slutzker*, 132 N.J. Eq. at 416, 28 A.2d at 530.

## CONCLUSION

For the reasons stated above, Sobba's motion to strike the answer of the nominal defendants is GRANTED.  Document #11.  The nominal defendants are hereby granted leave to file an amended answer that is not inconsistent with this opinion within twenty days of the entry of this order.

---

[8] *See* ARK. CODE ANN. § 4-27-740(b).

IT IS SO ORDERED this 22nd day of November, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE