# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LEE SOBBA, Individually and Derivatively                                            PLAINTIFF
In the Name of and on Behalf of SOBEL, INC.,
BELSO, INC., and ELSOB, INC.

v.                                    NO. 4:06VCV00941 JLH

SPENCER ELMEN; SODAKCO, LLC;
SUITE 107, LLC; SOBEL, INC.; BELSO,
INC.; and ELSOB, INC.                                                                DEFENDANTS

## OPINION AND ORDER

The Rose Law Firm has filed a motion to quash plaintiff's subpoena of attorney billing records. For the reasons stated below, that motion is DENIED.

On March 12, 2007, Lee Sobba's lawyers issued a subpoena on his behalf to the Rose Law Firm seeking copies of that firm's invoices for services rendered to Sobel, Inc., Belso, Inc., and Elsob, Inc., and remitted for payment to Spencer Elmen or to any agent, officer, director, or shareholder of one of the three corporations.[1] The subpoena also requested documents reflecting the payment of those invoices for services rendered. The Rose Law Firm argues that those documents are protected by the attorney-client privilege, that producing them would require the Rose Law Firm to become a witness in this litigation, and that producing them would cause undue burden and expense. Sobba has responded by arguing that those documents are not privileged as to him, and that he is entitled to review them pursuant to Arkansas Code Annotated § 4-27-1602(b) and (c), as well as the Federal Rules of Civil Procedure. *See Garner v. Wolfinbarger*, 430 F.2d 1093, 1104 (5th Cir. 1970).

---

[1] The subpoena could be construed to seek invoices for services rendered to Elmen, individually, but no party has so construed the subpoena in arguments to the Court, so neither will the Court so construe it.

The Court requested that Spencer Elmen's lawyers state his view as to whether these documents should be provided to Sobba. Elmen's lawyers have responded by saying that Elmen does not object to the production of these documents to Sobba so long as the attorney-client privilege is not waived.

The undisputed facts established that Sobba and Elmen each own 50% of the total outstanding shares of Belso and Elsob. Elmen owns 50% of the outstanding shares of Sobel, whereas Sobba owns 46% of those shares, and his wife owns 4% of those shares. Elmen and Sobba are two of the three directors of the three corporations. Thus, as to Belso and Elsob, the two persons who own 100% of the stock agree that the records should be produced, and as to Sobel, the two persons who own 96% of the stock so agree. These two persons comprise two-thirds of the boards of directors of the three corporations. In summary, the owners and the majority of the directors of the three corporations are on record as saying that these records should be made available to Sobba, who is an owner and a director. The Rose Law Firm has the "authority to claim the privilege but only on behalf of the client." ARK. R. EVID. 502(c). Here, the client is not claiming the privilege as to Sobba. Indeed, Sobba is as much a representative of the client as Elmen.

Pursuant to Arkansas Code Annotated § 4-27-1602(b) and (c), Sobba is entitled to inspect the records of the corporation provided the statutory conditions are met, which they are here. Furthermore, as a director of all three corporations, he is entitled to see the billing records of the law firm that represents those three corporations. *See* 5A WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 2235 (perm. ed. 2004). As to him and his representatives, those records are not privileged. *See id*. Indeed, as a director of the three corporations, he has a fiduciary duty to exercise the care that an ordinarily prudent person would

2

exercise under similar circumstances and to act in a manner that he reasonably believes is in the best interests of the corporations. ARK. CODE ANN. § 4-27-830. To fulfill that duty *vis-à-vis* persons performing professional services for the corporations would seem to recognize that he be informed as to the professional services rendered to the corporations and the fees charged for those professional services.

The records also are discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Whether Elmen has diverted assets of Sobel, Belso, and Elsob to his personal use is the ultimate issue on many of the claims that Sobba asserts derivatively on behalf of the corporations. It is relevant to those claims whether Elmen has directed corporate counsel to do work that was for his benefit, not for the benefit of those three corporations, and then paid corporate counsel from the funds of those three corporations.

The records in question apparently have already been sent to Elmen or Bailey (the third director). Providing the records requested to Sobba will not violate the attorney-client privilege, nor will it waive the privilege. FLETCHER, *supra*, § 4670; *see also Milroy v. Hanson*, 875 F. Supp. 646, 651 (D. Neb. 1995) (single director cannot unilaterally waive the privilege in the face of opposition by the other board members). Providing those records to Sobba will no more waive the privilege than would providing them to Elmen or Bailey. Providing those records to Sobba will not, by itself, require the Rose Law Firm to become a witness in the case any more than providing them to Elmen or Bailey. Providing the records to Sobba will not be an undue burden. All that will be required will be for one of the lawyers of the Rose Law Firm to direct the person who maintains the billing records to pull the records and make them available to Sobba or his representatives for inspection and copying.

3

The records at issue may or may not contain privileged communications pursuant to Rule 502 of the Arkansas Rules of Evidence. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999) ("Typically, the attorney-client privilege does not extend to billing records and expense reports."); *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-3010, 2004 WL 784489, at *4 (W.D. Tenn., Feb. 24, 2004); *DiBella v. Hopkins*, 285 F. Supp. 2d 394, 409 (S.D.N.Y. 2003); *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 425, 997 P.2d 681, 693 (2000). To ensure that no waiver of the attorney-client privilege occurs, the Court orders Sobba not to disclose the contents of the records to anyone other than the attorneys at Williams & Anderson and persons working under their direction and supervision unless he first obtains consent to the disclosure by vote of the board of directors of the corporations the records of which he wishes to disclose. Sobba is entitled to consult with his own lawyers about corporate business without waiving any privilege. In the event that Sobba's lawyers (or anyone else in this case) deem it necessary to file any of those records in this action, those records should be filed under seal until the Court determines whether any of the records contain privileged communications. Likewise, if those records are to be used in open court, they first should be submitted *in camera* so that the Court can determine whether they contain any privileged communications.

The Rose Law Firm's motion to quash is DENIED. Document #44. Lee Sobba is entitled to review all bills, invoices, or other documents reflecting charges for professional services rendered by the Rose Law Firm or any of its attorneys or staff from January 1, 2004, for Sobel, Inc., Belso, Inc., and Elsob, Inc., and submitted for payment to Spencer Elmen or any agent, officer, director, or shareholder of any of those three entities, as well as all documents reflecting the payment, the date

4

of payment, and identity of the person or entity making payment on those bills. The Court orders that a complete set of the documents be provided to Sobba by 5:00 p.m. on April 26, 2007.

IT IS SO ORDERED this 19th day of April, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE