**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

LEE SOBBA, Individually and Derivatively                                    PLAINTIFF
in the Name of and on Behalf of Sobel, Inc.,
Belso, Inc., and Elsob, Inc.

v.                                    No. 4:06CV00941 JLH

SPENCER ELMEN; SODAKCO, LLC;
SUITE 107, LLC; and JACKIE, LLC                                    DEFENDANTS

and

SOBEL, INC., BELSO, INC., and
ELSOB, INC.                                    NOMINAL DEFENDANTS

## OPINION AND ORDER

Lee Sobba brought this shareholder derivative action on behalf of Sobel, Inc.; Belso, Inc.;
and Elsob, Inc., against Spencer Elmen; Sodakco, LLC; Suite 107, LLC; and Jackie, LLC alleging
breach of fiduciary duty, trademark infringement in violation of section 43 of the Lanham Act,
15 U.S.C. § 1125, and unfair competition under the Arkansas Deceptive Trade Practices Act[1] and
the common law.  Sobba named the corporations Sobel, Belso, and Elsob as nominal defendants.
Elmen, Sodakco, Suite 107, and Jackie moved for summary judgment.  Sobba moved to dismiss
portions of the counterclaim by defendants Sodakco, Suite 107, and Jackie.  Sobba also moved for
partial summary judgment on the nominal defendants' representational standing defense.  For the
following reasons, the defendants' motion for summary judgment is denied.  Sobba's motion to
dismiss is granted in part and denied in part.  Sobba's motion for partial summary judgment is
granted.

---

[1] ARK. CODE ANN. § 4-88-101 et seq.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

The facts of this case have already been extensively set forth in the Court's previous January 30, 2007, Opinion and Order.  Document #41.  They will not be recited here.

### A.      Defendants' Motion for Summary Judgment

Defendants Elmen, Sodakco, Suite 107, and Jackie move for summary judgment on three grounds.  First, they argue that Sobba's claim for commingling of assets is mooted by the adoption of a reconciliation for the accounts of Sobel, Elsob, and Belso at the May 22, 2007, director's meeting.  Sobba disputes that he agreed to the reconciliation, and there exists an issue of fact to be tried as to whether he did agree. The defendants argue, however, that the adoption of the reconciliation by Elmen and Bailey, who comprise a majority of each of the corporations' board of directors, is enough to moot Sobba's commingling claim.   Elmen is not a disinterested director. Thus, a majority vote for reconciliation by the corporations' board of directors which includes him cannot serve to extinguish Sobba's commingling claim absent a showing of good faith.  *See* 13 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 6019.20 (per. ed., rev. vol. 2004) ("If a majority of the board of directors does not consist of independent directors at the time the determination [to terminate the derivative suit] is

made, the corporation has the burden of proving that the good faith and reasonable inquiry requirements have been met."). The defendants bore the burden of making that showing. *See id*. They have not met that burden. Summary judgment is therefore denied on Sobba's commingling claim.

Next, the defendants argue that they are entitled to summary judgment on Sobba's claim for breach of fiduciary duty because Sobba ratified Elmen's use of the Cupid's tradename, trademark, and trade dress by failing to act for over six months. Genuine issues of material fact exist on the question of ratification precluding summary judgement, however. The central factual issue in this case is whether Elmen and Sobba reached an agreement in January 2006 to operate separate stores. The Court has already discussed in detail the evidence presented at the preliminary injunction hearing on this issue in its January 30, 2007, Opinion and Order. For purposes of the defendants' motion for summary judgment, it suffices to say that there is a genuine issue of material fact as to the issue of whether Elmen, by agreement with Sobba, was authorized to open the Jacksonville and Conway stores.

If a jury believes Sobba and finds that there was no agreement between the two to open separate stores, then there is sufficient evidence on the record to support a jury finding that Sobba never subsequently ratified Elmen's unauthorized acts. Sobba testified that he opposed opening separate stores as early as November of 2005. He testified that he confronted Elmen in January about the Conway store opening, which Elmen had attempted to conceal from Sobba. He testified that he investigated the books and records of Sobel, Elsob, and Belso in the summer of 2006 to see if resources were being diverted to the Conway store. And he testified that, when he found out about the Jacksonville store, he again voiced his opposition to separate stores at a meeting between the

parties shortly before he brought suit.  If a jury believes Sobba, then Sobba never ratified Elmen's actions.

As their third argument for summary judgment, the defendants argue that the doctrine of unclean hands bars Sobba's suit.  "A shareholder who has participated in wrongful conduct against the corporation may be barred from bringing a derivative proceeding by the doctrine of unclean hands."  FLETCHER ET AL., *supra*, § 5962.  The application of the doctrine of unclean hands in this case turns on the issue of whether Sobba and Elmen agreed that they would open separate stores, an issue on which – as noted above – a genuine dispute of material fact exists.  If they did agree, then Sobba cannot complain of Elmen's actions.  If they did not agree, then the doctrine of unclean hands does not apply.  The fact that Sobba took substantial steps to open a store will not by itself invoke the doctrine of unclean hands.  The breach of fiduciary duty of which Sobba complains consists of the unauthorized use of the Cupid's trademark, tradename, and trade dress.  Hence, making preparations to open a store is not "a course of action substantially identical to" the advertising for and opening of an unauthorized store under the Cupid's name.  Because genuine issues of material fact exist, the defendants' motion for summary judgment is denied.

### B.    Sobba's Motion for Partial Summary Judgment

Sobba has moved for summary judgment on the nominal defendants' representational standing defense.  The nominal defendants have asserted in their answer to Sobba's second amended complaint that "Plaintiff's claims should be barred and dismissed for lack of standing, as Plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in allegedly enforcing the rights of Sobel, Inc., Belso, Inc., or Elsob, Inc."  Rule 23.1 of the Federal Rules of Civil Procedure states that a "derivative action may not be maintained if it appears

that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." This requirement is "intended to prevent shareholders from suing in place of the corporation in circumstances where the action would disserve the legitimate interests of the company or its shareholders." *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 532 n.7, 104 S. Ct. 831, 836 n.7, 78 L. Ed. 2d 645 (1984). The defendant in a derivative action bears the burden of establishing that a plaintiff does not "fairly and adequately represent" similarly situated shareholders. *Saunders v. Hankerson*, 312 F. Supp. 2d 46, 69 (D.D.C. 2004).

Sobba adequately represents the interests of all similarly-situated shareholders of Sobel, Belso, and Elsob. Two of the corporations have only two shareholders: Sobba and Elmen. Because Elmen is named as a defendant, he is not similarly situated with Sobba. *Larson v. Dumke*, 900 F.2d 1363, 1368-69 (9th Cir. 1990). Furthermore, it is undisputed that Earle Sobba, the third shareholder of Sobel and the only shareholder of any of the three corporations who could be considered similarly situated, supports the suit. *Cf. Rothenberg v. Sec. Mgmt. Co., Inc.*, 667 F.2d 958, 961 (11th Cir. 1982) (degree of support received by the plaintiff from other shareholders is a factor in whether plaintiff is an adequate representative).

The nominal defendants argue that Sobba is not a fair and adequate representative because his interests are antagonistic to the interests of the corporation. The Court has already found that Sobba's lawsuit advances, rather than threatens, the interests of the nominal defendants. *Sobba v. Elmen*, 462 F. Supp. 2d 944, 949-50 (E.D. Ark. 2006). That finding is law of the case and the Court declines to revisit it. Partial summary judgment is therefore granted in favor of Sobba on the nominal defendants' representational standing defense.

5

### C.       Sobba's Motion to Dismiss

Sobba has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack

of standing the following portion of the counterclaim by the defendants Sodakco, Suite 107, and

Jackie:

> **WHEREFORE**, the Defendants . . . Sodakco, LLC, Suite 107, LLC and Jackie, LLC, seek the following:
>
> * * *
>
> b.       A dismissal with prejudice of Plaintiff's Second Amended Complaint;
>
> c.        A declaration that Defendant Spencer Elmen has not breached his fiduciary duty to the Plaintiff or to the Corporations;
>
> d.       A declaration that Lee Sobba is the party who has breached his fiduciary duty to Elmen by raiding corporate assets following the denial of his motion for preliminary injunction;

"To have standing, a plaintiff must allege an injury that is fairly traceable to the defendant's conduct,

and the requested relief must be likely to redress the alleged injury." *In re Senior Cottages of Am.,*

*LLC*, 482 F.3d 997, 1004 (8th Cir. 2007) (quoting *Novartis Seeds, Inc. v. Monsanto Co.*, 190 F.3d

868, 871 (8th Cir. 1999)).  Here, it is undisputed that Sobba owes no fiduciary duty to Sodakco, Suite

107, or Jackie.  It is also undisputed that the fiduciary duties Elmen and Sobba owe to Sobel, Belso,

and Elsob do not extend to either Sodakco, Suite 107, or Jackie.  A finding that Sobba breached his

fiduciary duty to Sobel, Belso, or Elsob would not in any way affect the rights of Sodakco, Suite 107,

or Jackie.  Thus, Sodakco, Suite 107, and Jackie have no standing to assert a claim for breach of

fiduciary duty against Sobba because there is no injury to redress.  Similarly, none of the defendants

save Elmen have standing to seek a declaration concerning whether Elmen did or did not breach his

fiduciary duties to Sobel, Belso, or Elsob.

Sodakco, Suite 107, and Jackie do have standing to request that the second amended complaint be dismissed with prejudice as to Sobba's claims against them.  For the same reasons as above, however, they lack standing to request that the second amended complaint be dismissed with prejudice as to Sobba's breach of fiduciary duty claim against Elmen.

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment is DENIED. Document #57.  Sobba's motion to dismiss is GRANTED IN PART and DENIED IN PART. Document #65.  Parts b-d of the counterclaim of defendants Sodacko, LLC; Suite 107, LLC; and Jackie LLC are dismissed with the exception of the request that the second amended complaint be dismissed as to Sobba's claims against defendants Sodacko, LLC; Suite 107, LLC; and Jackie, LLC.

IT IS SO ORDERED this 5th day of July, 2007.


J. LEON HOLMES
UNITED STATES DISTRICT JUDGE